UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHEM-SAFE ENVIRONMENTAL, INC., a Washington corporation, and ABC HOLDINGS, INC., a Washington corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>RICHARD GRANBERG, an individual; GARY BLEEKER, an individual; NORMAN PECK, an individual; and VALERIE BOUND, an individual; and State of Washington, DEPARTMENT OF ECOLOGY,<br><br>　　　　　Defendants. | NO. 1: 14-CV-3021-SAB<br><br>**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** |

　　　Before the Court is the state Defendants' Motion for Summary Judgment, ECF No. 50. A hearing on the motion was held on March 2, 2016, in Yakima, Washington. Plaintiffs were represented by Tyler M. Hinckley. Defendants were represented by Harold L. Overton and John A. Level.

　　　Plaintiff initially brought this § 1983 action against several state actors, including Kittitas County, the Department of Ecology, and the various employees who work for these entities. The case was stayed early on to permit the appeals

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 1

process to work its way through the Washington courts. After the Washington Court of Appeals issued its order, and the Washington Supreme Court denied review, Defendants brought Motions for Summary Judgment. In response to the motions, Plaintiffs agreed to dismiss the claims against Kittitas County and its employees,[1] and also agreed to dismiss the claims against Richard Granberg and Gary Bleeker. Thus, the remaining Defendants that are the subject of the pending Motion for Summary Judgment are Norm Peck and Valerie Bound.

According to Plaintiffs' complaint, Defendants Norm Peck and Valerie Bound deprived Plaintiffs' constitutionally-protected property interest by "misrepresenting the existence of a release of hazardous waste at Chem-Safe's facility to provide a fabricated basis to justify requiring Chem-Safe and/or ABC Holdings to conduct sampling for environmental contamination, and as a basis to justify placing the site on an environmentally contaminated site list." ECF No. 7 at ¶ 75. Notably, Plaintiffs are no longer bringing due process claims against Peck and Bound based on Kittitas County's issuance of a Notice of Violation and Abatement (NOVA) and Health Order against Plaintiffs and on Kittitas County requiring Plaintiffs to obtain a moderate risk waste facility permit.[2]

---

[1] The Court granted the parties' Stipulated Motion to Dismiss Plaintiffs' Claims Against Defendants Kittitas County and James Rivard on January 28, 2016, ECF No. 77.

[2] The Washington Court of Appeals held that the issuance of the NOVA did not deprive Plaintiffs of any constitutionally protected property interest because the NOVA did not cause a deprivation of any permitted activity. *ABC Holdings, Inc. v. Kittitas Cnty*, 187 Wash. App. 275, 286 (2015). Under Washington law, "[a] violation notice, even if final, 'is not the type of encumbrance that constitutes a significant property interest giving rise to procedural due process.'" *Id.* (citation omitted).

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 2

### A. Summary Judgment Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### B. Facts

At this stage of the proceedings, the Court must view the facts in the light most favorable to Plaintiffs, the non-moving party.

Plaintiff Chem-Safe operates a waste transport and transfer facility in

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 3

1. Kittitas, Washington, on a portion of real property owned by Plaintiff ABC
2. Holdings, Inc. Defendant Valerie Bound is a section manager within the
3. Department of Ecology's (DOE) Toxics Cleanup Program. Defendant Norm Peck
4. is a DOE Toxics Cleanup Program environmental specialist.
5.     In 2009, Plaintiff received a Notice of Violation and Abatement (NOVA)
6. and public health order from Kittitas County. The NOVA cited Plaintiff Chem-
7. Safe for operating without proper State and County permits, and required Plaintiff
8. to suspend all operations until a permit was granted, remove all materials, conduct
9. a contamination test, and pay a $500 penalty.
10.     After the NOVA was issued, Kittitas County Environmental Health
11. Supervisor and Interim Co-Administrator James Rivard informed DOE, and
12. specifically Defendant Peck, that Chem-Safe had failed to store and handle
13. hazardous or dangerous waste without proper Kittitas County permits and that he
14. wanted Chem-Safe to conduct testing to determine if leaks or releases of
15. dangerous waste had occurred at Chem-Safe. He sought technical assistance from
16. DOE regarding the required testing.
17.     In response, in June, 2011, Peck created an Initial Investigation Field Report
18. that indicated that a spill had occurred at Chem-Safe, even though he knew there
19. had been no spill. Peck then recommended to Defendant Bound that Chem-Safe be
20. added to the contaminated sites list, which she did on June 22, 2011. On the same
21. day, Peck sent Chem-Safe an Early Notice Letter Regarding the Release of
22. Hazardous Substances, stating that DOE was placing Chem-Safe on the DOE's
23. confirmed or suspected contaminated sites list because "soil and groundwater
24. contamination is suspected at the site." ECF No. 59-13, Ex. M.
25.     On August 2, 2011, Bound and Peck wrote a letter to Chem-Safe's engineer,
26. Brad Card, stating that "[DOE] has concluded that a release of hazardous
27. substances has occurred" at Chem-Safe." ECF No. 59-14, Ex. N. The letter also
28. required sampling "to determine the nature and extent of contamination." *Id.*

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 4

In March, 2012, Bound met with Sky Allphin, president of Chem-Safe. She told him that if Chem-Safe entered into the DOE's Voluntary Cleanup Program (VCP), she would allow Chem-Safe to take four-to-six samples on the outside of the facility, and that if the samples came back clean, she would not require further testing, including testing of groundwater or tests under the building. Chem-Safe entered into the VCP only because of Bound's agreement regarding the required sampling.[3]

On May 31, 2013, Plaintiffs emailed Kittitas County and specifically James Rivard, the Sampling and Analysis Plan (SAP) from Landau Associates, the firm Plaintiffs hired to conduct the sampling. Rivard forwarded the email and the SAP to Peck and Bound on the same day. On June 5, 2013, Rivard sent Chem-Safe an email stating that "although additional testing and sampling sites are desired, after our discussions it was agreed upon that the sampling plan is acceptable as submitted." ECF No. 63-21, Ex. U.

The SAP was conducted in June, 2013. Landau Associates concluded that "there has been no release to subsurface soil. Based on these findings, no further action or investigation appears warranted at this time." ECF No. 73-18, Ex. 18. Based on these findings, Bound indicated she would provide Plaintiffs with a "no further action" letter that would state that no further testing or remedial action was necessary at Chem-Safe.

---

[3] Plaintiff made repeated requests to Rivard and Bound for the identification of the place and nature of the release alleged in the letter. Bound never responded. In October, 2012, Chem-Safe's president submitted a public records request to DOE and Kittitas County. Meanwhile, Kittitas County filed a Motion to Show Cause why Chem-Safe should not be held in contempt for failing to conduct the testing. The superior court granted the motion and consequently Chem-Safe conducted a sampling in accordance with a plan approved by the County and DOE.

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 5

Chem-Safe never received a "no further action" letter and the site remains on DOE's contaminated sites list. Instead, in January, 2014, Peck issued a letter stating that DOE has determined that further remedial action is necessary to characterize and/or clean up contamination at the site.

Plaintiff brought suit in the Eastern District of Washington, asserting two claims: (1) Section 1983 --violation of property right and equal protection; and (2) a state law claim for tortious interference. Plaintiff sought the following relief: (1) damages; (2) an order requiring withdrawal of the NOVA; (3) declaratory judgment that Chem-Safe may continue to conduct its operation under its DOE permit; (4) injunctive relief preventing DOE from requiring Chem-Safe to conduct additional sampling of the site; (5) injunctive relief requiring DOE to cause Plaintiff's site to be removed from DOE's contaminated sites list; (6) injunctive relief requiring DOE to place Chem-Safe back on the DOE hazardous work services directory; (7) punitive damages; and (8) attorneys' fees.

Defendants' Motion for Summary Judgment applies to Plaintiff's Section 1983 claims only.

**C.     Section 1983 and Qualified Immunity**

**1.  Section 1983**

To state a claim under § 1983, Plaintiffs must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015).

Plaintiffs assert Defendants Bound and Peck violated ABC Holdings, Inc.'s substantive due process rights. To establish a substantive due process claim, Plaintiffs must, as a threshold matter, establish it has a property interest protected by the Constitution. *Wedges/Ledges of Calif v. City of Phoenix, Ariz.*, 24 F.3d 56, 62, (9th Cir. 1994) (*citing Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)).

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 6

"A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent sources such as state law.'" *Id.* (citation omitted). On the other hand, "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *San Bernardino Physician's Services Medical Group Inc. v. San Bernardino Cnty*, 825 F.2d 1404,1409 (9th Cir. 1987) (quotation omitted).

The heart of a substantive due process claim is a showing that the state actor's interference with the plaintiff's property rights was irrational and arbitrary. *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988). "[O]nly 'egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (quotations omitted). If the evidence shows that it is "at least fairly debatable" that the conduct is rationally related to a legitimate governmental interest, there has been no violation of substantive due process. *Halverson v. Skagit Cnty*, 42 F.3d 1257, 1262 (9th Cir. 1994) (citation omitted). That said, "[a] substantive due process claim does not require proof that all use of the property has been denied." *Bateson*, 857 F.2d at 1303.

Substantive due process claims, however, are not a "font of tort law" that superintends all official decision making. *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2009).  The U.S. Supreme Court has instructed that courts "should exercise the utmost care whenever [they] are asked to break new ground in this field." *Id.* (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).  "[N]ot every violation of state law amounts to an infringement of constitutional rights." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012).

### 2. Qualified Immunity

Qualified immunity shields government officials from civil damages

liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Reichle v. Howards*, __ U.S. __, 132 S.Ct 2088, 2093 (2012). "Requiring the alleged violation of law to be clearly established balances . . . the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Wood v. Moss*, __ U.S. __, 134 S.Ct. 2056, 2067 (2014) (quotations omitted).

In determining whether Defendants are entitled to qualified immunity, the Court applies a two-step analysis: (1) whether the facts alleged show that the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle*, 132 S.Ct. at 2094 (quotations omitted). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. "If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Wilson v. Layne*, 526 U.S. 603, 618 (1999). That said, it is not necessary that "the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

"[W]hen properly applied, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Taylor v. Barkes*, __ U.S. __, 135 S.Ct. 2042, 2044 (2015). Stated another way, "an officer is entitled to qualified immunity unless existing case law '*squarely governs* the case here'" *Mendez v. Cnty of Los Angeles,* __ F.3d __ (2016 WL 805719 *3 (9th Cir. Mar. 2, 2016) (quoting *Mullenix v. Luna*, __ U.S. __, 136 S.Ct 305, 309 (2015) (emphasis

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 8

in original).

In *Pearson v. Callahan*, the U.S. Supreme Court instructed that courts may grant qualified immunity on the ground that a purported right was not "clearly established" by prior case law, without resolving the often more difficult question of whether the purported right exists as all. 555 U.S. 223, 236 (2009).

### D. Analysis

Here, Plaintiff has established there are genuine issues of material fact regarding whether Defendants Bound and Peck made material misrepresentations about the existence of a release of hazardous waste at Chem-Safe's facility. That said, Defendants Bound and Peck are still entitled to summary judgment because, even assuming that Defendants Bound and Peck made the alleged misrepresentations, Plaintiffs do not have a constitutionally protected property interest to not be subjected arbitrarily to soil sampling requirements, and do not have a constitutionally protected property interest to not be placed arbitrarily on the confirmed or suspected contaminated site list based on fabricated evidence. Additionally, summary judgment is appropriate because Defendants Bound and Peck are entitled to qualified immunity.

### 1. Scope of Constitutionally Protected Property Interest

In attempting to establish their §1983 claim against Bound and Peck, Plaintiffs rely on the general proposition that landowners have a constitutionally protected property interest in ownership of real property and the right to devote their land to any legitimate use. At the hearing, Plaintiffs clarified that the property interest at issue is held by Defendant ABC Holdings, Inc.

Contrary to Plaintiff's position, the scope of the Fourteenth Amendment's substantive due process does not cover the allegedly wrongful conduct committed by Defendants Bound and Park. That is, even if Peck and Bound made the alleged misrepresentations, Plaintiffs do not have a constitutionally protected property interest in having Ecology employees refrain from recommending a site hazard

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 9

assessment, placing its property on Ecology's confirmed and suspected sites database, or providing an opinion that further remedial action is necessary at the Chem-Safe site. Requiring a site hazard assessment or being placed on the list does not deprive Plaintiffs from operating its business or using its property. Notably, Plaintiffs have not identified any state law, existing rules or understandings that would provide a basis for its alleged constitutionally-protected property interest.[4]

Additionally, even if Plaintiffs had such a property interest, Plaintiffs have not shown bias, prejudice, or personal animosity on the part of Bound and Peck against them, and have not shown an illegitimate reason for Bound and Peck's actions that would give rise to a due process claim.

At oral argument, Plaintiffs identified the following as the basis for the

---

[4] In *Cranwell v. Mesec*, the Washington Court of Appeals noted that while a filing of a lis pendens notice can cause substantial economic effects that mirror those resulting from the use of a real estate attachment, the filing of a lis pendens notice does not constitute a significant property interest. 77 Wash.App. 90, 109-110 (1995). It reasoned that in such a case the landowner is not *prohibited* from alienating or encumbering the property subject to lis pendens, notwithstanding that it may be more difficult. *Id.* ("There is nothing to prevent the sale if the landowner can find a willing buyer."). Additionally, the court held that because a Notice of Violation (NOV) operates much like a lis pendens in that it gives notice of the alleged code violations to interested parties but does not in any way create a lien on the property, the mere issuance and filing of the NOV is not the type of encumbrance that constitutes a significant property interest. *Id.* at 111. The court also noted that while the NOV, like a lis pendens notice, may temporarily cloud title, it in no way prevents property owners from mortgaging or alienating their property. *Id.*

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE ~ 10**

alleged constitutional violation: Peck and Bound approving the sampling plan, obtaining the results of the sampling plan that show there has been no release to the subsurface soil and then refusing for no valid reason—just general statements of insufficiency—to remove Chem-Safe from the contaminated sites list. Plaintiffs maintain the case of *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496 (9th Cir. 1990) is directly on point to these facts. There, the property owner alleged it had been unconstitutionally deprived of property through land use regulations. In that case, the city council had given approval to the 190-unit project, with 15 conditions that the City's professional planning staff agreed the land owner had met. *Id.* at 1508. Even so, the city council rejected the final plan, giving only broad conclusory reasons for doing so. *Id.* The Ninth Circuit held that taking the facts in the light most favorable to the land owner, questions of fact remained whether the actions of the city council were arbitrary and irrational. *Id.*

>*Del Monte Dunes* does not establish that Defendants violated their constitutionally protected property interests. Indeed, the Court has already determined that questions of fact exist whether Defendants made misrepresentations. But this determination is not dispositive in this case. Rather, the question the Court must answer, assuming that Defendants made misrepresentations and wrongfully placed Plaintiffs' property on Ecology's confirmed and/or suspected contaminated site list, is whether Plaintiffs have a constitutionally protected right not to be arbitrarily or irrationally placed on the confirmed and/or suspected contaminated site list on the basis of fabricated evidence.

>Plaintiffs have not provided the Court with any case law to support their position that they do. In their brief, Plaintiffs cited to *Mathis v. Cnty of Lyon*, 633 F.3d 877 (9th Cir. 2011), and they also relied on this case at oral argument to support its contention that ABC Holdings, Inc. has a constitutionally protected property interest in being kept off the suspected/ contaminated site list. In that

case, a county official entered a decedent's house without a warrant, after a welfare check revealed that he had died. *Id.* at 878. The official took away personal property, some of which he stored and some of which he sold. *Id.* The plaintiffs were the three sons of the deceased and they asserted two property interests: an ownership interest in their own personal property that was stored at their father's residence and an interest in their father's personal property as devisees under their father's will. *Id.* at 880 (J. Bybee, concurring in part and dissenting in part). Judge Bybee noted the first claim was "clearly a cognizable property interest under the Fourteenth Amendment" and ultimately concluded that an heirs' interest in the decedent's real property as devisees qualifies as a property interest under the Due Process clause. *Id.* This case, however, does not support Plaintiff's position that it has a constitutionally protected property interest in not being placed on the confirmed and/or suspected contaminated site list.

Similarly, the other cases cited by Plaintiff address substantive due process claims in the context of land-use regulations. *See* ECF No. 70, at 7-8 (citing *Shanks*, 540 F.3d at 1087 and *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020 (9th Cir. 2007). In these cases, due process claims were recognized where a land use action lacks any substantial relation to the public health, safety, or general welfare. *Id.* The problem for Plaintiffs in relying on these cases is that Bound and Peck's alleged wrongful conduct does not implicate any land-use regulation or land use action. Rather, their conduct simply involves placing Chem-Safe on the confirmed and/or suspected contaminated site list. Plaintiffs have not shown that they have been denied the right to use their land for any legitimate use.

Plaintiffs also assert that Defendants Bound and Peck violated their constitutional rights when they deliberately fabricated evidence of a hazardous waste spill. They rely on two cases in support of this claim, *Richardson v. Schubert*, 2015 WL 4627938 (D. Or. Aug 3, 2015) and *Costanich v. DSHS*, 627

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 12

F.3d 1101, 1113-14 (9th Cir. 2010). In both of these cases, however, the investigation implicated clearly established fundamental rights, that is, the right to a parent/child relationship as well as the loss of a foster care license. Without the involvement of a fundamental right, there is no support for transforming what is essentially a state tort claim into a § 1983 claim. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.").

Consequently, Plaintiffs have failed to meet the threshold requirement under § 1983 of establishing that Bounds and Peck deprived them of a constitutionally protected property right and summary judgment is appropriate.

### 2. Qualified Immunity

Moreover, even if the court were to conclude Defendants Bound and Peck violated Plaintiffs' constitutionally protected property rights, such rights—not to be placed on a confirmed and/or suspected contaminated site list based on deliberately falsified evidence and not to be required arbitrarily to conduct soil sampling—were not clearly established when the conduct at issue in this case occurred. Plaintiffs have failed to provide and the Court has been unable to find existing case law that "squarely governs" the case here. As such, Defendants Bound and Peck are entitled to qualified immunity.

### E. Supplemental Jurisdiction

As a result of the Court granting Defendant's Motion for Summary Judgment, the only claim remaining before the Court is the state law claim of tortious interference against the Department of Ecology. Pursuant to 28 U.S.C. § 1367(c)(3) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), the Court declines to exercise supplemental jurisdiction over the remaining state law claim. As such, this action is remanded to the Yakima County Superior Court.

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 13

Accordingly, **IT IS HEREBY ORDERED**:

1. The state Defendants' Motion for Summary Judgment, ECF No. 50, is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Valerie Bound and Norm Peck and against Plaintiff.

3. The above-captioned action is **remanded** to the Yakima County Superior Court.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 10th day of March, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING STATE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; REMANDING CASE** ~ 14